Louis **GAUDIOSI**, Charles Schwartz, and Randolph Phillips, individually and on behalf of all other stockholders of the Pennsylvania Railroad Company similarly situated, Plaintiffs,

v.

Walter S. **FRANKLIN**, Richard K. Mellon, Robert T. McCracken, C. Jared Ingersoll, James E. Gowen, Philip R. Clarke, James M. Symes, John A. Diemand, John B. Hollister, Lammot du P. Copeland, Donald Danforth, R. George Rincliffe, William L. Day, Otto N. Frenzel, Fred Carpi, David C. Bevan, James P. Newell, Directors; Bayard H. Roberts

and

The **Pennsylvania Railroad Company**, a corporation, incorporated under the laws of the Commonwealth of Pennsylvania, Defendants.

Civ. A. 24654.

United States District Court
E. D. Pennsylvania.

Aug. 5, 1958.

352

Randolph Phillips, Pro se, Abrahams & Loewenstein, Philadelphia, Pa., for Charles Schwartz and Louis Gaudiosi.

Barnes, Dechert, Price, Myers & Rhoads, Philip Price, Philadelphia, Pa., for defendants.

KRAFT, District Judge.

This action embodying multiple claims is the second action brought by the plaintiffs as the result of a proxy contest for the election of directors of The Pennsylvania Railroad Company. The plaintiffs purportedly seek protection, in all but one of the claims, of the rights of Randolph Phillips, one of the plaintiffs, who is a candidate for director in opposition to the management candidates.

Count IV of the complaint, however, includes a class action, the aim of which is to impose liability on individual defendants, who are directors of the railroad company, to reimburse it for certain alleged improper expenditures of corporate funds on behalf of the management candidates in the proxy contest.

There was such a dearth of evidence on this claim that the defendants later argued, not without reason, that the class representative claim had been asserted in count IV only for the purpose of supplying the requisite jurisdictional amount in that count in which diversity jurisdiction had been invoked. The plaintiffs, in apparent reaction to defendants' intimation of a want of good faith in the representative claim, now press vigorously for the imposition of liability on all director defendants. Whether the plaintiffs' present vigor is the result of the defendants' doubt of plaintiffs' good faith need not now be determined. Suffice it to say that, on the trial record and in their requests for findings of fact and conclusions of law, the plaintiffs have presented the representative claim in such haphazard fashion as to make it virtually impossible for the trial judge to make any just, proper determination.

Of the 18 individual defendants, 17 are directors and 1 is not. Of the 17 director defendants 6 have neither been served nor appeared in this action. The record is barren of any evidence to show which directors authorized or which, if any, opposed the disputed corporate expenditures. There is no evidence to show, for prior years, the amounts expended by the corporation to give notice of the annual meeting or to send proxy forms to stockholders. Neither the corporate charter nor the by-laws were offered and the court is without evidence of the corporate purposes and powers and of corporate regulations for internal management. Neither the plaintiffs' nor the defendants' briefs present an adequate exposition of the law of Pennsylvania respecting the theories under which the class action claim is asserted and resisted.

■ If, contrary to the defendants' contention, the plaintiffs are asserting a bona fide representative claim in this class action, the rights of all stockholders for whom the plaintiffs purport to act are involved. Recognition of the rights of the stockholders so represented in a class action is given in Fed.Rules Civ. Proc. rule 23(c), 28 U.S.C. which provides that a class action shall not be dismissed or compromised without the approval of the court. One of the evident purposes of this provision is to discourage abuse of the right to bring class actions, by prohibiting voluntary dismissal or compromise without court approval. Under certain circumstances provided in this rule notice of a proposed dismissal or compromise must be given to all members of the class represented; under other circumstances notice must be given only if the court requires it.

I am persuaded that, in this legal melee over the proxy contest, the plaintiffs, in their zeal to assert adequately the rights of Phillips, have performed less than their full duty to the stockholders whom they represent in the class action and have inadequately presented their claim. It would be a grave injustice to all stockholders as well as to the defendant directors to determine the challenged expenditures on the present record.

■ It would be unreasonable as well to defer decision on the issues relating to the proxy contest, on which the record is adequate, until the claims presented by the class action are reheard. We conclude that the plaintiffs' indifferent presentation of the class claim requires that, in the interests of justice to the stockholders so inadequately represented, a rehearing should be had on the class claim set forth in count IV of the plaintiffs' complaint. For these reasons and conformably to F.R.C.P. 42(b) the court enters the following

### Order

Now, August 5th, 1958, a rehearing is ordered upon the class action claims of the plaintiffs in count IV of the complaint and that, in furtherance of convenience and to avoid prejudice, a separate trial of those claims and of the issues of liability and damages thereunder is ordered.

Rehearing is fixed for the next non-jury trial list and the Clerk is directed to place this case at the head of that list.